IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
SENIOR JUDGE WALKER D. MILLER

Civil Action No. 07-CV-01946-WDM

CATHLEEN SEIP,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

    Defendant.

## MEMORANDUM OPINION AND ORDER

Miller, J.

    Claimant Cathleen Seip ("Seip") appeals a final administrative decision by defendant Michael J. Astrue ("the Commissioner") denying her claim for Disability Insurance Benefits under the Social Security Act (the "Act").

### Background

    Seip was born on May 3, 1949. She has a high school education and an unskilled and semi-skilled work background. She has not engaged in any substantial gainful activity at any time relevant to the decision. Seip alleges that she became disabled on August 1, 2000 due to depression and chronic pain. She was insured for disability benefits through June 30, 2002.

    Seip applied for disability benefits on February 6, 2004 and for widow's insurance

benefits on March 5, 2004.[1]  The applications were denied and Seip requested a hearing on her applications.  A hearing was held on January 18, 2005 in Denver, Colorado before an Administrative Law Judge ("ALJ").  Seip, represented by an attorney, attended and testified at the hearing.  The record was held open after the hearing to allow Seip to undergo an internal medicine consultative evaluation.  The evaluation was conducted in February 2005 by Dr. Gilman and the report was submitted to Seip for review and comments.  The report (Admin. R. at 535–540), Seip's comments, and updated medical records were added to the record.  The ALJ issued his opinion on May 24, 2005 determining that Seip was not disabled within the meaning of the Act.[2]  On July 20, 2007 the Appeals Council declined review of the ALJ's decision.  Therefore, the ALJ's decision is the final administrative decision subject to review in this Court.

Decision for Review

The Secretary has established a five-step evaluation process to determine whether a claimant is disabled for purposes of the Social Security Act.  *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988).  The steps of the evaluation are:

> (1) whether the claimant is currently working; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets an impairment listed in appendix 1 of the relevant regulation; (4) whether the impairment precludes the claimant from doing [her] past relevant work; and (5) whether the impairment precludes the claimant from doing any work.

---

[1]  Seip's claim for widow's benefits is not at issue in this appeal.  The Commissioner alleges that the widow's benefits applies to a different period of time than that which is at issue for Seip's disability insurance claims.

[2]  A separate decision was entered for Seip's claim of widow's disability benefits. (*See* Admin. R. at 29–41.)

*Trimiar v. Sullivan*, 966 F.2d 1326, 1329 (10th Cir. 1992). Generally, the burden to prove a disability lies on the applicant, however, at step five the burden shifts to the Commissioner to "show that the claimant retains sufficient residual functional capacity . . . to perform work in the national economy, given [his] age, education, and work experience." *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005).

Following this process, the ALJ first determined that Seip has not engaged in substantial gainful activity at any time during the relevant period. In step two, the ALJ determined that none of Seip's claimed impairments had more than a minimal impact on her ability to engage in basic work activities. Therefore, he concluded that Seip was not disabled within the meaning of the Act at any time relevant to her disability claim.

### Standard of Review

I review the Commissioner's decision to determine whether his factual findings are supported by substantial evidence in the record as a whole and whether he applied the correct legal standards. *Castellano v. Sec'y of Health and Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Bernal v. Bowen*, 851 F.2d 297, 299 (10th Cir. 1988) (citing *Turner v. Heckler*, 754 F.2d 326, 328 (10th Cir. 1985)). I may "neither reweigh the evidence nor substitute [my] judgment for that of the [Commissioner]." *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991).

Discussion

On appeal, Seip first argues that the ALJ erred in finding her not disabled at step two because the evidence on the record as a whole indicates that her conditions had more than a minimal impact on her ability to engage in basic work activities and, therefore, the ALJ was required to continue the sequential evaluation. The Commissioner disagrees arguing that there is substantial evidence on the record to support the ALJ's decision. After reviewing the administrative record and the relevant legal authority, I conclude that remand is the most appropriate course of action to ensure proper resolution of Seip's claim for benefits.

At step two of the sequential evaluation, the ALJ must determine if any of the claimant's impairments are severe. 20 C.F.R. § 1520(a)(4)(ii). A severe impairment is an "impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities." *Id.* § 404.1520(c); § 404.1521(a). Basic work activities are defined as "the abilities and aptitudes necessary to do most jobs" including

> (1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling;
> (2) Capacities for seeing, hearing, and speaking;
> (3) Understanding, carrying out, and remembering simple instructions;
> (4) Use of judgment;
> (5) Responding appropriately to supervision, co-workers and ususal work situations; and
> (6) Dealing with changes in a routine work setting.

*Id.* § 404.1521(b). If the ALJ finds a severe impairment, he must move forward in the sequential evaluation process but, if the ALJ determines that the claimant does not have a severe impairment, then a finding of no disability is appropriate. *Id.* §

404.1520(a)(4)(ii). The inquiry at step two is not an exacting one; rather the claimant must only make a de minimus showing of a severe impairment. *Grogan v. Barnhart*, 399 F.3d at 1263 (citing *Hawkins v. Chater*, 113 F.3d 1162, 1169 (10th Cir. 1997)). However, "the mere presence of a condition is not sufficient to make a step-two showing." *Williamson v. Barnhart*, 350 F.3d 1097, 1100 (10th Cir. 2003) (citations omitted).

"Symptoms such as pain, fatigue, shortness of breath, weakness, or nervousness" should only be considered at step two if the claimant can establish "by objective medical evidence . . . that he or she has a medically determinable physical or mental impairment(s) and that the impairment(s) could reasonably be expected to produce the alleged symptom(s)." SSR 96-3P; *see* 20 C.F.R. § 404.1529. "[O]nce the requisite relationship between the medically determinable impairment(s) and the alleges symptom(s) is established, the intensity, persistence, and limiting effects of the symptom(s) must be considered along with the objective medical and other evidence in determining whether the impairment or combination of impairments is severe." SSR 96-3P; *see* 20 C.F.R. § 404.1529. "If the adjudicator finds that such symptoms cause a limitation or restriction having more than a minimal effect on an individual's ability to do basic work activities, the adjudicator must find that the impairment(s) is severe and proceed to the next step in the process even if the objective medical evidence would not in itself establish that the impairment(s) is severe." SSR 96-3P. The adjudicator must also "follow the sequential evaluation process until a determination or decision about disability can be reached" when, at step two, he is "unable to determine clearly the effect of an impairment(s) on the individual's ability to do basic work activities." *Id.*

Furthermore, the signs and symptoms of obesity should be considered when making the step two determination. SSR 02-01P. Although obesity is no longer listed as a specific impairment in the listings, it may still be determined to be a severe impairment "when, alone or in combination with another medically determinable physical or mental impairment(s), it significantly limits an individual's physical or mental ability to do basic work activities." *Id.*

In this case, there is evidence on the record indicating at least some impairment of Seip's ability to engage in basic work activities, specifically walking, standing, lifting, and carrying. Based on a consultative examination performed in February 2005, Dr. Gilman indicated that Seip would not be limited in her sitting although she would be (1) limited in her standing and walking or moving about to approximately one to two hours due primarily to her weight and (2) limited in her lifting and carrying to approximately twenty pounds at a time, again due primarily to her weight. Furthermore, Dr. Gilman's medical assessment form indicates some limitations in Seip's ability to climb stairs, stoop, crouch, kneel, crawl, and balance. Dr. Gilman did note, however, that Seip's weight did not significantly affect her range of motion or movement. Seip's subjective complaints support these limitations as she argues that her weight, which has been over 285 pounds since at least 1999, inhibits her movement and ability to stand or walk for long periods of time. The ALJ did not address Dr. Gilman's report or the limitations imposed therein at any point in the decision. I conclude that it was error for the ALJ to determine that Seip's impairments had no more than a minimal effect on her ability to engage in basic work related activities without addressing Dr. Gilman's report which indicates that Seip's weight has more than minimal impact on the basic work activities of

walking, standing, lifting, and carrying.  I further note that although Dr. Gilman's examination was conducted after Seip's date last insured, it may still have some bearing on the step two determination as Seip's weight has effectively been static since her date last insured.

Seip also argues that the ALJ erred in determining her credibility and the credibility of the witnesses who provided written statements on her behalf.  The Commissioner argues that the ALJ properly considered Seip's subjective complaints and allegations and that his determination that she was less than credible is substantially supported by the record.

Credibility determinations are peculiarly the province of the finder of fact and the ALJ is accorded substantial deference in these matters.  *Williams v. Bowen*, 844 F.2d 748, 755 (10th Cir. 1988).  As discussed above, however, the ALJ is required to evaluate a claimant's subjective complaints regarding pain and other symptoms at step two.  *See* 20 C.F.R. § 404.1529, SSR 96-3P.  Factors the ALJ should consider when determining whether a claimant's description of her pain or other symptoms are credible include:

> 1. the individual's daily activities; 2. the location, duration, frequency, and intensity of the individual's pain or other symptoms; 3. factors that precipitate and aggravate the symptoms; 4. the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; 5. treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; 6. any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and 7. any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.

*Hamlin v. Barnhart*, 365 F.3d 1208, 1220 (10th Cir. 2004) (citing Soc. Sec. Rul. 96-7P);

see also *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) (listing other factors including frequency of medical contacts; witness testimony, including potential bias; and consistency of nonmedical evidence with objective medical evidence). In reviewing an ALJ's credibility determination, the court is not to reweigh the evidence. *Hamilton v. Sec'y of Health & Human Servs.*, 961 F.2d 1495, 1499 (10th Cir. 1992).

In this case, although the ALJ noted Seip's subjective complaints and allegations of disability (*see* Admin. R. at 804–05, 808), he did not provide a detailed credibility determination stating the reasons he found Seip less than fully credible. (*See* Admin. R. at 804–05.) Therefore, as remand is proper for other reasons, I recommend that on remand the ALJ engage in a more thorough evaluation under *Hamlin*, 365 F.3d at 1220, and make his credibility findings with more particularity. With respect to the ALJ's credibility determinations or reliance on the witness statements, Seip has provided no reasoned argument for why these should have been given more weight than they were given. Therefore, I conclude that the ALJ did not err in evaluating the witness statements provided by Seip.

Finally, although the argument is not raised by Seip, I note that the ALJ failed to comply with the requirements of 20 C.F.R. § 404.1520a for evaluating mental impairments. Section 404.1520a requires that the ALJ use a "special technique" to evaluate mental impairments at steps two and three. The technique requires that the ALJ "evaluate [the claimant's] pertinent symptoms, signs, and laboratory findings to determine whether [the claimant has] a medically determinable mental impairment(s)" and if the ALJ so finds, then he "must specify the symptoms, signs, and laboratory findings that substantiate the presence of the impairment(s) and document [his] findings

in accordance" with this section.  20 C.F.R. § 404.1520a(b)(1).  The ALJ must then "rate the degree of functional limitation resulting from the impairment(s)" in activities of daily living, social functioning, concentration, persistence, or pace, and episodes of decompensation using, at least for the first three issues, none, mild, moderate, marked, and extreme.  *Id.* § 404.1520a(b)–(c), (e)(2).  If the degree of limitation in the first three categories is "none" or "mild" then the mental impairment is generally considered not severe.  *Id.* § 404.1520a(d)(1).  However, if the claimant is found to have severe limitations, the ALJ must then "determine if it meets or is equivalent in severity to a listed mental disorder . . . by comparing the medical findings about [the claimant's] impairment(s) and the rating of the degree of functional limitation to the criteria of the appropriate listed mental disorder."  The ALJ is required to "document application of the technique in the decision" and "must include a specific finding as to the degree of limitation in each of the functional areas."  *Id.* § 404.1520a(e).

In this case, the ALJ did not utilize this "special technique" for Seip's mental impairments.  Indeed, although the ALJ discussed Seip's complaints of depression and anxiety in the decision, he did so without applying the "special technique" required by the regulations.  Therefore, I conclude that remand is appropriate on this basis.

Conclusion

Based upon my review of the record in this case, I find that the ALJ erred by failing to progress through the sequential evaluation when there was evidence on the record supporting a finding that Seip's impairments had more than a minimal effect on her ability to engage in basic work activities, namely, standing, walking, lifting, and carrying.  I also recommend that on remand the ALJ more particularly detail his

credibility determinations. Additionally, I conclude that the ALJ erred by failing to evaluate Seip's mental impairment, depression, under the "special technique" required by 20 C.F.R. § 404.1520a. . Accordingly, the determination that Seip is not disabled is reversed and this matter is remanded for proceedings consistent with this opinion.

DATED at Denver, Colorado, on September 29, 2008.
                                              BY THE COURT:

                                              s/ Walker D. Miller
                                              United States Senior District Judge