IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
SENIOR JUDGE WALKER D. MILLER

Civil Action No. 07-cv-01946-WDM

CATHLEEN SEIP,

    Plaintiff,

v.

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

## ORDER ON MOTION FOR ATTORNEYS' FEES

Miller, J.

This matter is before me on Plaintiff's Opposed Application for an Award of Reasonable Attorney Fees and Expenses under the Equal Access to Justice Act, 28 U.S.C. § 2412 (Docket No. 31). Defendant Commissioner of Social Security opposes the motion. After a review of the pleadings and the parties' written arguments, I conclude oral argument is not required. For the reasons that follow, the motion will be granted.

Plaintiff appealed the denial of her application of disability benefits from the Social Security Administration to this court. In an order dated September 29, 2008 (doc no 29), I reversed the Commissioner's decision and remanded the case for further review. The Commissioner did not appeal my decision to the Tenth Circuit and so my order is final. Plaintiff now seeks attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 for fees incurred in appealing the case to this court and in briefing the

EAJA request. Plaintiff seeks a total of $10,632.32 in attorneys' fees.[1]

## Standard of Review

The EAJA provides that a court may award reasonable attorneys' fees "to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity." 28 U.S.C. § 2412(b). A petition for such fees must be submitted within thirty days of final judgment and must show "that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness . . . stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified." 28 U.S.C. § 2412(d)(1)(B). "Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought." *Id.* The Commissioner has the burden of proof to show that his position was substantially justified. *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995). "The test for substantial justification in this circuit is one of reasonableness in law and fact." *Id.* Thus, the government's position must be "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). The government's "position can be justified even though it is not correct." *Id.* at 566 n. 2. EAJA fees may be awarded

---

[1] The hourly rate requested by Plaintiff's attorney is $166.77 for work done in 2007 and $172.28 for work done in 2008. This is consistent with the hourly rate set by the EAJA, as adjusted for cost of living increases. *See* 28 U.S.C. § 2412(d)(2)(A)(ii).

where the ALJ's underlying action was unreasonable even if the government thereafter advanced a reasonable litigation position. *Hackett v. Barnhart*, 475 F.3d 1166, 1174 (10th Cir. 2007).

## Discussion

Plaintiff presents a timely petition under the EAJA. She argues that she is the prevailing party, is eligible for fees under the EAJA, and that the Commissioner's position in this case was not substantially justified. The petition is supported by an itemized listing of hours and tasks from Plaintiff's attorney.

The Commissioner therefore has the burden of demonstrating that his position was substantially justified. Plaintiff applied for disability benefits on or around February 6, 2004 claiming disability from depression and chronic pain. She applied for widow's insurance benefits on March 5, 2004. Only the disability benefits were at issue in this case, but apparently there was some confusion regarding the record for some time during the pendency of the appeal. A hearing before an administrative law judge ("ALJ") was held January 18, 2005 and the record was held open to allow Plaintiff to undergo an internal medicine consultative evaluation. The evaluation was conducted in February 2005 by Dr. Bryce Gilman. The ALJ, applying the five step evaluation process, found that Plaintiff had impairments, specifically left throchanteric bursitis, left shoulder impingement, depression, obesity, gastroesophageal reflux disease, and complaints of arthralgias, but decided that none of the claimed impairments had more than a minimal impact on Plaintiff's ability to engage in basic work activities. Therefore, the ALJ determined, at step two, that Plaintiff was not disabled. The Appeals Council upheld the decision on review.

I reversed and remanded the case to the Commissioner on several grounds. First,

I concluded that the ALJ had erred in determining that none of Plaintiff's impairments was severe.  This was in part due to Dr. Gilman's determination that Plaintiff's obesity limited her ability to stand and walk and to lift/carry, as well as to climb stairs, stoop, crouch, kneel, crawl, and balance.  Since Plaintiff established that her weight had been over 285 since at least 1999, I concluded that the ALJ had erred in failing to consider Dr. Gilman's evidence, even if his examination had occurred several years after Plaintiff's last insurance date.  It may have been reasonable, although ultimately in error, for the ALJ to discount the relevance of Dr. Gilman's assessment given the passage of time.  The Commissioner, therefore, may have been substantially justified in this regard.

I also concluded that the ALJ had erred in determining Plaintiff's credibility because he failed to review the factors required by regulation to be considered in such evaluations.  Indeed, the ALJ provided no detailed credibility determination giving the reasons that he found Plaintiff to be less that fully credible. This omission was a clear error and was not reasonable.  This aspect of the Commissioner's determination was not substantially justified.

The third reason for remand was my determination that the ALJ had erred in assessing Plaintiff's mental impairments by failing to follow regulations setting forth a "special technique" for such evaluations.  This omission was, again, a significant error, particularly since Plaintiff's depression was one of her claimed disabilities.

In light of the full record and given Plaintiff's ultimate success in this court, I conclude that the Commissioner's position in this case was not substantially justified.

I have reviewed the listing of hours and tasks submitted by Plaintiff's attorney for

4

work done on this case and conclude that the amount sought is reasonable.

Accordingly, it is ordered:

1. Plaintiff's Opposed Application for an Award of Reasonable Attorney Fees and Expenses under the Equal Access to Justice Act, 28 U.S.C. § 2412 (Docket No. 31) is granted.

2. Plaintiff is awarded $10,632.32 in attorneys' fees pursuant to the EAJA.

DATED at Denver, Colorado, on December 28, 2009.

BY THE COURT:


s/ Walker D. Miller
United States Senior District Judge